1

2

3

4

5                          **UNITED STATES DISTRICT COURT**

6                                **DISTRICT OF NEVADA**

7

8   KITRICH A. POWELL,                    )
                                          )
9                Petitioner,              )          2:06-cv-01264-KJD-LRL
                                          )
10  vs.                                   )
                                          )          **ORDER**
11  TIMOTHY FILSON,[1] *et al.*,          )
                                          )
12               Respondents.             )
                                          )
13  _____/

14

15       This capital habeas corpus action was stayed on January 15, 2008, pending the petitioner's

16  exhaustion of claims in state court.  ECF No. 50.  On January 9, 2017, petitioner filed a Motion to

17  Temporarily Lift Stay to Supplement First Amended Petition for Writ of Habeas Corpus.  ECF No.

18  78.

19       With that motion, petitioner requests that he be granted leave of court to add to his petition a

20  claim based on *Hurst v. Florida*, 136 S.Ct. 616 (2016).  Petitioner filed the proposed additional

21  claim as a supplement to his first amended petition.  ECF No. 79.  Respondents filed an opposition

22  to petitioner's motion (ECF No. 81), in response to which petitioner filed a reply (ECF No. 83).

23       Respondents contend that petitioner has mischaracterized the addition of the *Hurst* claim as a

24  _____

25       [1]  Timothy Filson, current warden of Ely State Prison, is substituted as respondent in place of
     his predecessor Renee Baker.  *See* Fed. R. Civ. P. 25(d) (providing that a public "officer's successor is
26  automatically substituted as a party" when his or her predecessor "ceases to hold office while the action
     is pending").

1 supplement, rather than as an amendment.  *See* Fed. R. Civ. P. 15.  For purposes of this motion, the

2 distinction is immaterial.  A petition for a writ of habeas corpus "may be amended or supplemented

3 as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242; *see also* Rule

4 12, Rules Governing Section 2254 Cases (Rules of Civil Procedure apply to federal habeas

5 proceedings "to the extent that they are not inconsistent.").  Federal Rule of Civil Procedure 15(a)

6 permits a party to amend a pleading with the opposing party's written consent or the court's leave.

7 See Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id*.

8 "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad

9 faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

10 amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

11 amendment, [or] futility of amendment, etc.'"  *Sonoma County. Ass'n of Retired Employees v.*

12 *Sonoma County*, 708 F.3d 1109, 1117 (9ᵗʰ Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182

13 (1962)).  "[T]he consideration of prejudice to the opposing party carries the greatest weight."

14 *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9ᵗʰ Cir. 2003).

15 *Hurst* was decided January 12, 2016.  Respondents do not show that petitioner's request to

16 add a claim based on *Hurst* within the following year involved undue delay, bad faith, or dilatory

17 motive, or that they would be unduly prejudiced by the addition of such claims.

18 Furthermore, while there appear to be serious questions regarding the retroactivity of *Hurst*,

19 and its application in this case, the court determines -- for purposes of the motion to supplement only

20 -- that there is no showing that addition of the *Hurst* claim would be futile.  "[P]roposed amendments

21 [are futile when they] are either duplicative of existing claims or patently frivolous."  *Murray v.*

22 *Schriro*, 745 F.3d 984, 1015 (9ᵗʰ Cir. 2014) (quoting *Bonin v. Calderon*, 59 F.3d 815, 846 (9ᵗʰ Cir.

23 1995)).

24 Petitioner requests that the court waive the requirements of LR 15-1, which generally

25 requires that a complete proposed amended petition be attached to a motion to amend, and that, after

26 a motion to amend is granted, the petitioner is to file the complete amended petition.  Under the

1  resources, the court will waive the requirements of Local Rule 15-1.  After the completion of his

2  pending state-court proceedings, and if and when the stay of this action is permanently lifted, the

3  court will require petitioner to file an amended habeas petition, including the new claim.

4          Nothing in this order, granting petitioner's motion for leave to supplement, will have any

5  bearing on any other procedural issue in this case; nor will any aspect of this order have any bearing

6  on the court's consideration of the merits petitioner's new claim in any other context.

7          **IT IS THEREFORE HEREBY ORDERED** that petitioner's Motion to Temporarily Lift

8  Stay to Supplement First Amended Petition for Writ of Habeas Corpus (ECF No. 78) is

9  GRANTED.

10         **IT IS FURTHER ORDERED** that petitioner is granted leave of court to add to his habeas

11  corpus petition in this action the claim set forth in his Supplement to First Amended Petition for

12  Writ of Habeas Corpus (ECF No. 23).  That claim will be considered added to the habeas corpus

13  petition in this action.  The court will not, at this time, require petitioner to file an amended habeas

14  petition, including his new claim.  After completion of his state-court proceedings, and if and when

15  the stay of this action is permanently lifted, the court will require petitioner to file an amended

16  habeas petition including this new claim.

17         **IT IS FURTHER ORDERED** that, in all other respects, the stay of this action shall remain

18  in effect.

19         **IT IS FURTHER ORDERED** that petitioner's motion for extension of time (ECF No. 82) is

20  GRANTED *nunc pro tunc* as of February 3, 2017.

21         DATED: March 20, 2017

22

23

24                                        _____

25                                        UNITED STATES DISTRICT JUDGE

26

3