UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KITRICH A. POWELL,<br><br>         Petitioner,<br><br>    v.<br><br>WILLIAM GITTERE, *et al.*,<br><br>         Respondents. | Case No. 2:06-cv-01264-KJD-DJA<br><br>**ORDER** |

In this capital habeas corpus action. the petitioner, Kitrich A. Powell, is represented by appointed counsel, the Federal Public Defender for the District of Nevada (FPD). This action was stayed for over twelve years, from January 15, 2008, to August 24, 2020 (ECF Nos. 50, 100), while Powell exhausted claims in state court. After that stay was lifted, Powell filed a second amended habeas petition (ECF No. 105). Then, before Respondents responded to Powell's second amended petition, the FPD filed a motion to stay (ECF No. 108) on April 13, 2021, asserting that the action should again be stayed, on account of Powell's alleged incompetence. That motion has been fully briefed by the parties (ECF Nos. 118, 119, 120, 125, 127). The Court will deny the motion, without prejudice, and will set a schedule for Respondents to respond to Powell's second amended petition.

In the motion to stay (ECF No. 108), the FPD asserts that Powell is incompetent and, as a result, unable to assist counsel. The motion is made under *Ryan v. Gonzales*, 568 U.S. 57 (2013). In *Ryan* the Supreme Court held that a habeas petitioner has no statutory right to a suspension of federal habeas proceedings when found to be incompetent. *Ryan*, 568 U.S. at 61, 64–73. However, the Court went on to confirm that federal district courts have inherent equitable authority to impose stays, and the Court

1

discussed the outer limits district courts' discretion to do so. *See id*. at 73–74. With respect to the question of stays sought because of a habeas petitioner's incompetence, the Court emphasized that some habeas claims might require assistance of the petitioner, while others might not. *See id*. at 74–76. The Court concluded as follows, limiting the circumstances in which a stay may be properly entered on account of a habeas petitioner's incompetence, and limiting the proper duration of such a stay:

> If a district court concludes that the petitioner's claim could substantially benefit from the petitioner's assistance, the district court should take into account the likelihood that the petitioner will regain competence in the foreseeable future. Where there is no reasonable hope of competence, a stay is inappropriate and merely frustrates the State's attempts to defend its presumptively valid judgment.

*Id*. at 76–77.

In this case, the FPD has presented evidence—declarations of a psychiatrist—that Powell is incompetent and generally unable to effectively assist his counsel. *See* Decl. of Melissa Piasecki, M.D., Exh. 318 (ECF No. 106-65); Decl. of Melissa Piasecki, M.D., Exh. 1 (ECF No. 121-1). Respondents have not countered with any evidence of their own on this issue, but Respondents present argument questioning the psychiatrist's conclusions. The FPD's expert opines, further, that, if Powell were to receive appropriate treatment, "there is a substantial probability that these symptoms would improve and he could be restored to competency and meaningfully assist his defense team in this appeal." Decl. of Melissa Piasecki, M.D., Exh. 1, p. 7 (ECF No. 121-1, p. 8). Here too, the respondents do not present evidence to the contrary but question the expert's conclusion. The Court does not here reach these issues, because at this stage of this case it is unclear whether there are issues on which Powell's assistance is necessary, and it is unclear whether the equities weigh in favor of staying this action on account of Powell's alleged incompetence.

The FPD argues that Powell assistance is necessary with respect to his non-record-based claims, notably his claim of actual innocence and claims of prior counsel's ineffectiveness. *See* Motion to Stay (ECF No. 108), pp. 3, 9–10. But the FPD's

argument in this regard is made in a general manner, essentially assuming that the petitioner's assistance would be necessary for any non-record-based claim, at any time in the litigation. *See id*.; *see also* Supplemental Reply in Support of Motion to Stay (ECF No. 127), pp. 2–4. This case, though, has been pending in this Court for fifteen years. Powell's actual innocence claim was asserted, as Ground 1, in Powell's first amended petition in this case, filed on April 10, 2007, fourteen and a half years ago. *See* First Amended Petition for Writ of Habeas Corpus (ECF No. 23), pp. 23–31. The FPD makes no showing why Powell's assistance—and a temporary stay to bring him to competence—is necessary now.

        The next event in this case will be Respondents' response to Powell's second amended petition. The Court sees no reason to halt that filing based on Powell's alleged incompetence. Respondents' response to the second amended petition will likely better disclose what the issues are, at least in the short term, such that a better determination will be possible regarding the need for Powell to assist his counsel.

        Therefore, the Court will deny the FPD's motion to stay, without prejudice to the FPD making a new motion to stay, on grounds of Powell's alleged incompetence, in conjunction with either the response to a motion to dismiss, or the reply to an answer, or both. If the FPD makes such a motion, the FPD should explain, precisely, which issues raised in either the motion to dismiss or answer require assistance from Powell, and why. The FPD should also explain why that assistance was not procured previously, over the fifteen years this case has been pending. The FPD should also update, as necessary, his showing that Powell is incompetent but that he could be restored to competency in the foreseeable future. If the FPD files such a motion to stay, the briefing of the motion will proceed on the same schedule as a motion for leave to conduct discovery or a motion for evidentiary hearing, as set forth in the scheduling order in this case. *See* Order entered August 24, 2020 (ECF No. 100).

///

///

**IT IS THEREFORE ORDERED** that the Motion to Stay (ECF No. 108) is **DENIED**, without prejudice. The FPD may make a new motion for stay, on the same grounds, concurrent with either a response to a motion to dismiss or a reply to an answer, as explained above.

**IT IS FURTHER ORDERED** that Respondents will have 90 days from the date of this order to respond to Petitioner's Second Amended Petition for Writ of Habeas Corpus (ECF No. 105).

DATED THIS 22 day of October, 2021.

_____
KENT J. DAWSON,
UNITED STATES DISTRICT JUDGE